```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. THOMAS AND ST. JOHN

ANTONIO D. GODINEZ and BONNIE    )
R. GODINEZ,                      )
                                 )
          PlaintiffS,             )
                                 )      Civil No. 2014-114
          v.                     )
                                 )
PETER BAY OWNER'S ASSOCIATION,   )
INC.; CAROL T. HENRY,            )
individually; JAMES D. HENRY,    )
individually; JANE DOE AS THE    )
TRUSTEE OF THE CAROL T. & JAMES  )
D. HENRY REVOCABLE TRUST;        )
MICHAEL D. BURGAMY,              )
individually; CHARLENE E.        )
SLOAN, individually; MICHAEL D.  )
BURGAMY and CHARLENE E. SLOAN    )
TRUST as CO-TRUSTEES OF THE      )
MICHAEL B. BURGAMY & CHARLENE    )
E. SLOAN TRUST; ANDREW           )
STILLMAN, individually; and JOY  )
H. STILLMAN,                     )
                                 )
          Defendants.            )
_____)
```

**ATTORNEYS:**

**Brandon J. Hechtman, Esq.**
**Jordan S. Cohen, Esq.**
Wicker, Smith, O'Hara, McCoy & Ford
Fort Lauderdale, FL
**Lee J. Rohn, Esq**
St. Croix, VI
    *For Antonio D. Godinez and Bonnie R. Godinez,*

**Matthew J. Duensing, Esq.**
Duensing, Casner & Fitzsimmons
St. Thomas, VI
    *For Peter Bay Owner's Association, Inc.; James D. Henry;*
    *Carol T. Henry; Jane Dos as Trustee of the Carol T. & James*
    *D. Henry Revocable Trust; Carol T. & James D. Henry*
    *Revocable Trust; Michael B. Burgamy, individually and as*
    *co-trustee of the Michael B. Burgamy & Charlene E. Sloan*

>       *Trust; and Charlene E. Sloan, individually and as co-*
>       *trustee of the Michael B. Burgamy & Charlene E. Sloan*
>       *Trust,*

**Douglas L. Capdeville, Esq.**
Law Offices of Douglas L. Capdeville
St. Thomas, VI
**Michael L. Sheesley, Esq.**
MLSPC
St. Thomas, VI
**Peter James Lynch, Esq.**
Lynch Law Office
St. Thomas, VI
**Rafael F. Muilenburg, Esq.**
Morrisette & Muilenburg
St. John, VI
   *For Andrew Stillman and Joy. H. Stillman.*

## ORDER

**GÓMEZ, J.**

Before the Court is the complaint filed by Antonio D. Godinez and Bonnie R. Godinez in this matter.

Antonio D. Godinez and Bonnie R. Godinez (collectively, the "Godinezes") are citizens of Florida. They own Lot 2A in Peter Bay, St. John, U.S. Virgin Islands.

James D. Henry and Carol T. Henry (collectively, the "Henrys") are citizens of Missouri. They reside for a portion of the year in Peter Bay, St. John, U.S. Virgin Islands. The J. Henry Trust owns a one-half (1/2) undivided interest in Lot 2B in Peter Bay. Its trustees are citizens of Missouri. The C. Henry Trust owns a one-half (1/2) undivided interest in Lot 2B in Peter Bay. Its trustees are also citizens of Missouri.

Andrew Stillman and Joy. H. Stillman (collectively, the "Stillmans") are citizens of Connecticut. They reside for a portion of the year in Peter Bay, St. John, U.S. Virgin Islands. Joy H. Stillman owns Lot 10 in Peter Bay.

Michael B. Burgamy ("Burgamy") and Charlene E. Sloan ("Sloan") are citizens of Colorado. They reside for a portion of the year in Peter Bay, St. John, U.S. Virgin Islands. The Michael B. Burgamy & Charlene E. Sloan Trust owns Lot 1 in Peter Bay. Its trustees are citizens of Colorado.

Peter Bay Owner's Association, Inc. (the "Association") is a homeowner's association organized under the laws of the U.S. Virgin Islands and with its principal place of business in the U.S. Virgin Islands.

The Godinezes moved into their home in Peter Bay in 1991. Since then, upland lots in Peter Bay have continued to be developed. The Godinezes property is bordered to the north by the Henrys' property. The Godinezes property is bordered to the south by Burgamy and Sloan's property. The Stillmans' property is to the south of Burgamy & Sloan's property. The Stillmans' property and Burgamy and Sloan's property is separated by a pedestrian pathway.

On December 17, 2014, the Godinezes filed a complaint against the defendants. The Godinezes amended their complaint on

June 8, 2015. The amended complaint alleges twelve counts. Count One alleges a trespass claim against the Henrys; the J. Henry Trust; and the C. Henry Trust. Count Two alleges a trespass claim against Burgamy; Sloan; and the Michael B. Burgamy & Charlene E. Sloan Trust. Count Three alleges a trespass claim against the Stillmans. Count Four alleges a trespass claim against the Association. Count Five alleges a nuisance claim against the Henrys; the J. Henry Trust; and the C. Henry Trust. Count Six alleges a nuisance claim against Burgamy; Sloan; and the Michael B. Burgamy & Charlene E. Sloan Trust. Count Seven alleges a nuisance claim against the Stillmans. Count Eight alleges a nuisance claim against the Association. Count Nine alleges a breach of fiduciary duty claim against the Association. Count Ten alleges a negligence claim against the Association. Count Eleven alleges a breach of contract claim against the Association. Count Twelve alleges a violation of the Virgin Islands Coastal Zone Management Act against the Association.[1]

    The Court is concerned that the complaint does not adequately plead subject-matter jurisdiction. The Godinezes

---

[1] The Godinezes and the Stillmans have since stipulated to the dismissal of the claims against the Stillmans. *See* ECF No. 232.

allege that the "Court has jurisdiction based on 28 U.S.C. § 1332 . . . ." ECF No. 61, at ¶ 23.

> 28 U.S.C. § 1332(a) . . . provides that district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and, and is between . . . citizens of different States." Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant. *See Exxon Mobil Corp. v. Allapattah Svcs. Inc.,* 545 U.S. 546, 553, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005); *Kaufman v. Allstate N.J. Insur. Co.,* 561 F.3d 144, 148 (3d Cir.2009). The key inquiry in establishing diversity is thus the "citizenship" of each party to the action.

*Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

Therefore, to determine whether the Court may exercise jurisdiction over this case, the Court must determine the citizenships of the parties. The amended complaint alleges that "Peter Bay Owner's Association, Inc. ("The Association") is a homeowner's association organized under the laws of the United States Virgin Islands with is principal place of business in the Virgin Islands." ECF No. 61, at ¶ 11. That allegation does not permit the Court to determine the citizenship of the Association.

*Godinez, et. al. v. Peter Bay Owner's Association, Inc. et. al.*
Civil No. 2014-114
Order
Page 6

The United States Supreme Court recently addressed the proper method for determining the citizenship of non-living entities:

> Exercising its powers under Article III, the First Congress granted federal courts jurisdiction over controversies between a "citizen" of one State and "a citizen of another State." 1 Stat. 78. For a long time, however, Congress failed to explain how to determine the citizenship of a nonbreathing entity like a business association. In the early 19th century, this Court took that silence literally, ruling that only a human could be a citizen for jurisdictional purposes. *Bank of United States v. Deveaux,* 5 Cranch 61, 86–91, 3 L.Ed. 38 (1809). If a "mere legal entity" like a corporation were sued, the relevant citizens were its "members," or the "real persons who come into court" in the entity's name. *Id.,* at 86, 91.
>
> This Court later carved a limited exception for corporations, holding that a corporation itself could be considered a citizen of its State of incorporation. See *Louisville, C. & C.R. Co. v. Letson,* 2 How. 497, 558, 11 L.Ed. 353 (1844). Congress etched this exception into the U.S. Code, adding that a corporation should also be considered a citizen of the State where it has its principal place of business. 28 U.S.C. § 1332(c) (1958 ed.). But Congress never expanded this grant of citizenship to include artificial entities other than corporations, such as joint-stock companies or limited partnerships. For these unincorporated entities, we too have "adhere[d] to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all [its] members.' " *Carden,* 494 U.S., at 195–196, 110 S.Ct. 1015 (quoting *Chapman v. Barney,* 129 U.S. 677, 682, 9 S.Ct. 426, 32 L.Ed. 800 (1889)).

*Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015, 194 L. Ed. 2d 71 (2016).

*Godinez, et. al. v. Peter Bay Owner's Association, Inc. et. al.*
Civil No. 2014-114
Order
Page 7

    Here, there is no allegation that the Association is an incorporated entity. Therefore, the Court must consider the citizenship of each member of the Association to determine the Association's citizenship for jurisdictional purposes. *See id.* The complaint does not, however, allege the citizenship of the Association's members. Therefore, the Court cannot determine if complete diversity exists in this case.

    The premises considered, it is hereby

    **ORDERED** that by no later than Thursday, July 28, 2016, at 4:00 P.M. the Godinezes shall show cause why this case should not be dismissed for lack of subject matter jurisdiction.

                                                S\_____
                                                  **Curtis V. Gómez**
                                                  **District Judge**