**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

ANTONIO D. GODINEZ and BONNIE )
R. GODINEZ, )
 )
   Plaintiffs, )
 ) Civil No. 2014-114
   v. )
 )
PETER BAY OWNER'S ASSOCIATION, )
INC.; CAROL T. HENRY, )
individually; JAMES D. HENRY, )
individually; JANE DOE AS THE )
TRUSTEE OF THE CAROL T. & JAMES )
D. HENRY REVOCABLE TRUST; )
MICHAEL D. BURGAMY, )
individually; CHARLENE E. )
SLOAN, individually; MICHAEL D. )
BURGAMY and CHARLENE E. SLOAN )
TRUST as CO-TRUSTEES OF THE )
MICHAEL B. BURGAMY & CHARLENE )
E. SLOAN TRUST; ANDREW )
STILLMAN, individually; and JOY )
H. STILLMAN, )
 )
   Defendants. )
_____ )

ATTORNEYS:

**Brandon J. Hechtman, Esq.**
**Jordan S. Cohen, Esq.**
Wicker, Smith, O'Hara, McCoy & Ford
Fort Lauderdale, FL
**Lee J. Rohn, Esq**
St. Croix, VI
  *For Antonio D. Godinez and Bonnie R. Godinez,*

**Matthew J. Duensing, Esq.**
Duensing, Casner & Fitzsimmons
St. Thomas, VI
  *For Peter Bay Owner's Association, Inc.; James D. Henry;*
  *Carol T. Henry; Jane Dos as Trustee of the Carol T. & James*
  *D. Henry Revocable Trust; Carol T. & James D. Henry*
  *Revocable Trust; Michael B. Burgamy, individually and as*
  *co-trustee of the Michael B. Burgamy & Charlene E. Sloan*

*Trust; and Charlene E. Sloan, individually and as co-trustee of the Michael B. Burgamy & Charlene E. Sloan Trust,*

**Douglas L. Capdeville, Esq.**
Law Offices of Douglas L. Capdeville
St. Thomas, VI
**Michael L. Sheesley, Esq.**
MLSPC
St. Thomas, VI
**Peter James Lynch, Esq.**
Lynch Law Office
St. Thomas, VI
**Rafael F. Muilenburg, Esq.**
Morrisette & Muilenburg
St. John, VI
  *For Andrew Stillman and Joy. H. Stillman.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Antonio D. Godinez and Bonnie R. Godinez captioned "Motion to Enlarge the Time for the Court to Enforce the Court-Approved Settlement Agreements."

## I. FACTUAL AND PROCEDURAL HISTORY

On December 17, 2014, Antonio D. Godinez and Bonnie R. Godinez (collectively, the "Godinezes") filed a complaint in this matter. The Godinezes amended their complaint on June 8, 2015. The amended complaint alleges twelve counts. Count One alleges a trespass claim against James D. Henry and Carol T. Henry (collectively, the "Henrys"); the J. Henry Trust; and the C. Henry Trust. Count Two alleges a trespass claim against

Michael B. Burgamy ("Burgamy"); Charlene E. Sloan ("Sloan"); and the Michael B. Burgamy & Charlene E. Sloan Trust (the "Burgamy & Sloan Trust"). Count Three alleges a trespass claim against Andrew Stillman and Joy. H. Stillman (collectively, the "Stillmans"). Count Four alleges a trespass claim against the Peter Bay Owner's Association, Inc. (the "Association"). Count Five alleges a nuisance claim against the Henrys; the J. Henry Trust; and the C. Henry Trust. Count Six alleges a nuisance claim against Burgamy; Sloan; and the Burgamy & Sloan Trust. Count Seven alleges a nuisance claim against the Stillmans. Count Eight alleges a nuisance claim against the Association. Count Nine alleges a breach of fiduciary duty claim against the Association. Count Ten alleges a negligence claim against the Association. Count Eleven alleges a breach of contract claim against the Association. Count Twelve alleges a violation of the Virgin Islands Coastal Zone Management Act against the Association.

On June 26, 2015, the Stillmans filed an answer to the amended complaint and counterclaim. The counterclaim asserts five claims. Count One asserts a trespass claim against Antonio Godinez. Count Two asserts a claim for destruction of chattels and real property against Antonio Godinez. Count Three asserts a public nuisance claim against Antonio Godinez. Count Four

asserts a public nuisance claim against the Godinezes. Count

Five asserts a private nuisance claim against Antonio Godinez.

On August 9, 2016, the Court held a status conference in

this matter. At the status conference, the parties informed the

Court that they had reached a settlement agreement for

consideration; and wished to have this matter dismissed. The

parties also requested that the Court retain jurisdiction to

enforce the settlement agreement for 90 days. The Court accepted

the settlement agreement and agreed to retain jurisdiction to

enforce the settlement for 90 days.

On August 12, 2016, the Court entered a judgment dismissing

the case. In pertinent part, the Judgment provided:

> On August 9, 2016, the remaining parties[1] in this
> action, or their representatives, informed the Court
> on the record that this action had been settled. The
> premises considered, it is hereby
> **ORDERED** that the parties' settlement agreement is
> **APPROVED**; it is further
> **ORDERED** that the Court shall retain jurisdiction
> to enforce the settlement until November 7, 2016; it
> is further
> **ORDERED** that the trial setting in this matter is
> **VACATED**; it is further
> **ORDERED** that all pending motions in this case are
> **MOOT**; it is further
> **ORDERED** that this case is **DISMISSED** with
> prejudice; it is further

---

[1] Andrew Stillman and Joy H. Stillman (collectively, the "Stillmans") were
previously defendants in this action. They also had asserted a counterclaim
against the plaintiffs in this action. The Court dismissed Count One of the
Stillmans' counterclaim. Thereafter, the plaintiffs and the Stillmans
stipulated to the dismissal of the plaintiffs' claims against the Stillmans
and the Stillmans' claims against the plaintiffs.

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

ECF No. 274 at 2-3.

On November 10, 2016, the Godinezes filed a motion captioned "Motion to Enlarge the Time for the Court to Enforce the Court-Approved Settlement Agreements." ECF No. 275 at 1. The Godinzes assert that several of "the defendants have been unable to meet their non-monetary obligations under the Court-Approved Settlement Agreements." *Id.* at 2. Recognizing that the time during which the Court retained jurisdiction had expired, the Godinezes ask the Court to grant "a three-month extension of time of this Court to retain jurisdiction to enforce the agreements." *Id.*

## II.  DISCUSSION

It is well-established that "[a]n agreement to settle a law suit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970); *see also Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429, 436 (3d Cir. 2005). "Settlement agreements are encouraged as a matter of public policy because they promote the amicable resolution of disputes and lighten the increasing

load of litigation faced by courts." *D.R. ex rel. M.R. v. East Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3d Cir. 1997).

The construction and enforcement of settlement agreements are governed by principles of local law applicable to contracts generally. *See, e.g.*, *Vargo v. Mangus*, 94 Fed. App'x 941, 943 (3d Cir. 2004); *N.Y. State Elec. & Gas Corp. v. Fed. Energy Regulatory Comm'n*, 875 F.2d 43, 45 (3d Cir. 1989); *Christian v. All Persons Claiming any Right, Title or Interest in Newfound Bay*, 139 F. Supp. 2d 679, 685 (D.V.I. 2001).

The essential prerequisites for the creation of a valid contract is "a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." *Univ. of the V.I. v. Petersen-Springer*, 232 F. Supp. 2d 462, 469 (D.V.I. App. Div. 2002); RESTATEMENT (SECOND) OF CONTRACTS § 17 (1979). Consideration requires a performance or a return promise that has been bargained for. *Id.* Where there is no mutual assent, or no meeting of the minds, there is no contract. *James v. Fitzpatrick*, 25 V.I. 124, 127 (Terr. Ct. 1990).

## III. <u>ANALYSIS</u>

A federal court has the obligation to address a question of subject-matter jurisdiction sua sponte. *See Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 905 F.2d 42, 45 (3d Cir. 1990). In the context of a settlement agreement, the Supreme

Court has held that a district court does not necessarily retain

jurisdiction to enforce a settlement agreement disposing of the

matter.

In *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S.

375, 381–82 (1994), the Supreme Court of the United States

explained that jurisdiction could be retained

> if the parties' obligation to comply with the
> terms of the settlement agreement had been
> made part of the order of dismissal—either by
> separate provision (such as a provision
> "retaining jurisdiction" over the settlement
> agreement) or by incorporating the terms of
> the settlement agreement in the order. In that
> event, a breach of the agreement would be a
> violation of the order, and ancillary
> jurisdiction to enforce the agreement would
> therefore exist.

*Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 381

(1994).

Thus, the Court must determine whether the parties'

"obligation to comply with the terms of the settlement

agreement," *id.*, became a part of the order entered by the Court

on August 12, 2016. *Kokkoken* identified two methods an

obligation can become a part of a court order. First, a

"separate provision" in an order can expressly retain

jurisdiction. *Id.*

Here, the August 12, 2016, order included such a provision.

That provision ordered "that the Court shall retain jurisdiction

to enforce the settlement until November 7, 2016." ECF No. 274

at 2-3. The Godinezes' filed their motion on November 10, 2016,

three days after that deadline passed.

Kokkonen also indicated that jurisdiction might be retained

if the trial court "incorporat[ed] the terms of the settlement

agreement in the order." *Id.* The August 12, 2016, order did not

explicitly incorporate any provision of the settlement

agreement.

In *In re Phar-Mor, Inc. Secs. Litig.*, 172 F.3d 270 (3d Cir.

1999), the Third Circuit addressed an order similar to this

Court's August 12, 2016, order. In that case, the parties

entered into a settlement agreement. *Id.* at 272. The district

court approved the settlement agreement. *Id.* at 272-73. The

order approving the settlement agreement read in relevant part:

> AND NOW, this 4th day of August,
> 1995, . . . it is hereby ORDERED
> that (1) the settlement documented
> in the August 4, 1995 Settlement and
> Release executed on behalf of the
> Settling Plaintiffs in favor of the
> Director Defendants and others (the
> "Settlement") is hereby *approved;*
> (2) the Director Defendants,
> Charity Imbrie, Giant Eagle, Inc.,
> Giant Eagle of Deleware, Inc.,
> Corporate Partners, L.P., Corporate
> Offshore Partners, L.P., and Lazard
> Freres & Co. are hereby dismissed
> with prejudice from this lawsuit
> *pursuant to the terms of the*

> *Settlement,* each party to pay its
> own costs....

*Id.* at 273.

After a dispute arose over the defendants' compliance with
the terms of the settlement agreement, the defendants filed a
motion in the district court that "sought a declaration that the
. . . defendants had satisfied their obligations under the
Settlement Agreement and requested that the district court
'enforce' its dismissal order of August 4, 1995." *Id*. The
district court granted the motion to enforce. *Id*.

On appeal, the Third Circuit held that the district court
lacked jurisdiction. *See id*. The Third Circuit explained that

> In view of *Kokkonen*, it is clear that the
> parties' obligation to comply with the
> Settlement Agreement was not made a part of
> the dismissal order. First, the dismissal
> order does not contain a provision "retaining
> jurisdiction" over the Settlement Agreement.
> Second, the district court did not incorporate
> the Settlement Agreement or any of its terms,
> including the most favored nations clause,
> into the dismissal order. The phrase "pursuant
> to the terms of the Settlement" fails to
> incorporate the terms of the Settlement
> Agreement into the order because "[a]
> dismissal order's mere reference to the fact
> of settlement does not incorporate the
> settlement agreement in the dismissal order."

*Id*. at 274 (quoting *Miener v. Missouri Dep't of Mental Health*,
62 F.3d 1126, 1128 (8th Cir. 1995)). The Third Circuit ruled

that the district court lacked jurisdiction to address the motion "[b]ecause the parties' obligation to comply with the Settlement Agreement was not made part of the dismissal order, and the district court did not otherwise possess an independent basis for jurisdiction." *Id.* at 275; *see also Guiuan v. Villaflor*, 544 F. App'x 64, 65 (3d Cir. 2013) ("The District Court did not retain jurisdiction to enforce the settlement agreement or incorporate its terms merely by referencing the settlement in its order of dismissal. Nor did it do so by permitting the parties to recite the settlement agreement on the record." (citation omitted)).

Here, the Court does not see a material difference between the order in *Phar-Mor* and the Court's August 12, 2016, order. Like the order in *Phar-Mor*, the order here referenced a settlement agreement with little elaboration. The Third Circuit determined that such language is insufficient to incorporate a settlement agreement into an order of dismissal. Similarly, here, the Court is persuaded that its August 12, 2016, order did not incorporate the settlement agreement.

Moreover, the Godinezes filed their motion on November 10, 2016. Significantly, that date exceeded the period within which the Court retained jurisdiction. The Court is aware of no authority that would permit a court to enter an order granting

itself jurisdiction after that court's jurisdiction has lapsed.

The Court is also unaware of any independent basis for

jurisdiction.

The premises considered, it is hereby

**ORDERED** that the motion of Antonio D. Godinez and Bonnie R.

Godinez for an extension docketed at ECF Number 275 is **DENIED.**


S\_____
**CURTIS V. GÓMEZ**
**District Judge**